Bradley E. Jewett (# 222773)
bjewett@sandersroberts.com
SANDERS ROBERTS & JEWETT LLP
1055 West 7th Street, Suite 3050
Los Angeles, CA  90017
Telephone:   213-426-5000
Facsimile:   213-234-4581

Attorneys for Plaintiff

Christy D. Joseph (#136785)
cjoseph@swlaw.com
SNELL & WILMER LLP
Plaza Tower
600 Anton Boulevard, Suite 1400
Costa Mesa, CA  92626-7689
Telephone:  714-427-7000
Facsimile:   714-427-7799

Vaughan Finn (*pro hac vice*)
vfinn@goodwin.com
Christopher T. Parkin (*pro hac vice*)
cparkin@goodwin.com
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT  06103-1919
Telephone:  860-251-5000
Facsimile:   860-251-5219

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDEN SURGICAL CENTER,<br><br>       Plaintiff,<br><br>   v.<br><br>ARROW ELECTRONICS, INC. and ARROW ELECTRONICS, INC. WELFARE BENEFIT PLAN<br><br>       Defendants. | CASE NO. 2:14-cv-1933-SVW-SH<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br><br>Complaint Filed:   March 13, 2014<br>Trial Date:          No Date Set |

Whereas, discovery and trial in the above-referenced case may require that

the Parties disclose (1) sensitive personal information of the Plaintiff; and/or (2) confidential proprietary information of the Defendants and third party representatives and vendors of the Defendants (the "Confidential Information");

IT IS HEREBY STIPULATED, by and between defendants Arrow Electronics, Inc. and Arrow Electronics, Inc. Welfare Benefit Plan ("Defendants") and plaintiff Eden Surgical Center ("Plaintiff") (collectively the "Parties" or individually a "Party") through their respective undersigned attorneys of record that:

This stipulation and protective order (the "Protective Order") is entered in connection with the production of Confidential Information.

## I. SCOPE OF CONFIDENTIAL INFORMATION.

All documents and information produced or otherwise disclosed in this action that a Party believes in good faith to contain information that is sensitive personal or proprietary commercial information are deemed Confidential Information.  Such Confidential Information shall be subject to the provisions of this Stipulated Protective Order and shall not be used except as provided in this Stipulated Protective Order.  By treating documents or information as Confidential, a Party does not waive the right to challenge any designation of any document or information as Confidential.

## II. PERSONS TO WHOM CONFIDENTIAL INFORMATION MAY BE DISCLOSED.

The Parties shall not disclose or disseminate, directly or indirectly, Confidential Information to any person or entity, with the following exceptions:

1. The Parties;

2. Counsel of record for the Parties, and such counsel's support staff, legal assistants and clerical personnel;

3.      Expert witnesses or consultants retained by the Parties, or their respective attorneys, in connection with this action and the employees of such experts or consultants who are assisting them;

4.      The appointed judge in this matter and any supporting personnel of that judge;

5.      Persons who are explicitly named in the Confidential Information as the authors or recipients (including those who received a copy thereof);

6.      Any other persons with the prior written consent of the Party who disclosed the information;

7.      Court reporting services and court reporters as may be reasonably necessary in connection with this action; and

8.      Any other persons ordered to receive them by the appointed judge in this matter.

**Procedures Regarding Disclosure of Confidential Information**

Counsel of record to whom Confidential Information is produced or disclosed shall take reasonable steps to ensure that use and disclosure of such information takes place in accordance with the provisions of this Protective Order. Prior to any disclosure of Confidential Information to any person covered in II.3, II.5, or II.6 above, counsel of record making the disclosure shall ensure that each such person executes the nondisclosure agreement attached as Exhibit A and provides each such person with a copy of this Protective Order.

If a Party believes that Confidential Information originally disclosed by it has been used or disclosed other than pursuant to the restrictions of this Protective Order, it may move for an order for such relief and sanctions as may be appropriate.

**III.    USE OF CONFIDENTIAL INFORMATION.**

**A.     Use of Confidential Information Generally**

Confidential Information shall be used by the Parties, counsel for the Parties and their agents, and any other persons to whom such Confidential Information

1  may be disclosed pursuant to this Protective Order, for no purpose other than (a) this litigation; or (b) as otherwise compelled by lawful process (provided that the disclosing Party is given reasonable notice to object); or (c) as otherwise required by law. Notwithstanding the foregoing, nothing in this Protective Order shall prevent or limit the ability of a Party to use or disclose its own produced and designated Confidential Information for any purpose or information that was in its possession prior to the initiation of this lawsuit.

**B.     Use of Confidential Information in the Course of This Action**

1.  Confidential Information may be used by counsel for a Party in good faith in this action, provided that the Confidential Information is protected pursuant to the terms and conditions of this Protective Order that govern the Confidential Information.

2.  Counsel for a Party may not question a witness at a deposition using information previously identified as Confidential Information without first:

(a)  Explaining to the witness that the information which will be the subject of the inquiry is protected from disclosure by this Protective Order;

(b)  Excluding all persons from the deposition, except for persons authorized by this Protective Order to have access to the Confidential Information; and

(c)  Obtaining the witness' consent on the record to be bound by this Protective Order.

3.  In preparing the transcript of a deposition that includes information previously identified as Confidential Information, the reporter will bind the transcript in a booklet(s) bearing a legend that indicates that information in the booklet is subject to this Protective Order.

4.  Counsel for a Party also may designate depositions or other testimony as Confidential Information by:

(a) Stating orally on the record the day the testimony is given that the information is expected to be "Confidential"; or

(b) Sending written notice designating by page and line the portions of the transcript of the deposition or other testimony to be treated as "Confidential Information" within fourteen days after receipt of the deposition transcript.

5. Any papers filed with the Court that contain or reveal information designated as Confidential Information shall be conditionally lodged under seal pursuant to Central District of California Civil L.R. 79-5, et seq. The disclosing Party shall file a motion within thirty (30) days seeking to have the Confidential Information filed under seal. In the event the disclosing Party does not file a motion to have the Confidential Information filed under seal, or the motion to have the Confidential Information filed under seal is denied, the Confidential Information shall be filed as part of the records of the Court if the Court determines that the Confidential Information is relevant to the matter before the Court and admissible. If the Confidential Information is not determined to be relevant and admissible, it shall be returned to the disclosing Party and shall continue to be subject to the terms of this Protective Order.

6. The judge shall determine at the time of trial how Confidential Information shall be handled, consistent with the purposes of this Protective Order.

**IV. REMOVAL OF "CONFIDENTIAL" DESIGNATIONS.**

1. A recipient of information designated as "Confidential" shall not be obligated to challenge the propriety of such designation at the time the document or information so designated is received, and a failure to do so shall not preclude a subsequent challenge thereto.

2. If a receiving Party's counsel believes that any Confidential Information that has been designated "Confidential" does not contain sensitive, proprietary or personal information, or competitively sensitive, proprietary information or trade secrets may, after consulting with the disclosing Party's

counsel and requesting that the designation be removed from the document(s), provide the disclosing Party's counsel with written notice, by facsimile, that it believes the "Confidential" designation, as the case may be, is inappropriate (the "Written Notice").

3. The Written Notice shall identify separately each document that the recipient believes should not have been designated "Confidential". Unless the disclosing Party moves, within ten court days after its receipt of the Written Notice, for a protective order designating the challenged materials as "Confidential Information" that information shall no longer be considered "Confidential Information," and subject to the terms of this Protective Order. Prior to the expiration of the ten court day period for the disclosing Party to move for a protective order, and in the event that the disclosing Party does move for a protective order in accordance with this paragraph, the challenged materials shall remain subject to the terms of this Protective Order and shall not be disclosed to any person except as provided for in this Protective Order until the ten court day period has expired, or if a motion for protective order is filed, until the motion is ruled upon by the judge.

## V.   WAIVER.

A Party may in writing waive any provisions of this Protective Order in regard to any Confidential Information produced by it. Any purported waiver which is not in a signed writing or stated on the record at a hearing before the judge or at a deposition taken in this action will be of no effect and will not alter any of the obligations imposed by this Protective Order.

## VI.   RETURN OF CONFIDENTIAL INFORMATION.

1. Within forty-five (45) days after the final conclusion of this action, including any appeal or other review therefrom, and after the time for any such appeal or other review has expired, the receiving Party and its experts and

1  consultants shall return to the receiving Party's counsel all copies of Confidential
2  Information.
3       2.     Counsel for the receiving Party shall then either return any and all
4  Confidential Information and all copies thereof in its possession, custody and
5  control to counsel for the disclosing Party, or destroy the Confidential Information
6  and, upon request, provide counsel for the disclosing Party a certificate that all such
7  Confidential Information has been destroyed.
8  **VII.   MISCELLANEOUS.**
9       1.     This Protective Order shall not apply to any document or information
10 which: (a) the Parties agree or the judge rules is within the public domain; or (b) is
11 lawfully possessed or lawfully acquired by the Party or other person independently
12 of receiving it from the disclosing Party.
13      2.     Nothing contained in this Protective Order shall affect the rights of any
14 Party or witness: (a) to object to disclosing any Confidential Information on any
15 lawful grounds, whether the request is by way of written discovery or deposition
16 question; (b) to object to the admission into evidence of any document or material
17 at any arbitration, hearing, or trial; or (c) to object to any testimony at any
18 arbitration, hearing, or trial regarding any Confidential Information. Nor shall this
19 Protective Order be construed as a waiver by any Party of any legally recognized
20 privilege, including, without limitation, the attorney/client privilege and work
21 product doctrine.
22      3.     Nothing contained in this Protective Order shall affect the right
23 of any Party to move at any time, to add to, delete from, or otherwise revise the
24 terms of this Protective Order.

| | | |
|---|---|---|
| 1 | Dated: July 15, 2014 | SANDERS ROBERTS & JEWETT LLP |
| 2 | | By: /s/ Bradley E. Jewett |
| 3 | | Bradley E. Jewett |
| 4 | | Attorneys for Plaintiff |

SNELL & WILMER L.L.P.

By: /s/ Christy D. Joseph
Christy D. Joseph

SHIPMAN & GOODWIN LLP

Vaughan Finn
Christopher T. Parkin
Attorneys for Defendants

**IT IS SO ORDERED.**

Dated: July 18, 2014

_____

Judge Stephen V. Wilson
United States District Judge

# Exhibit A
# **NONDISCLOSURE AGREEMENT**

I, _____ have read and understand the terms of the Stipulated Protective Order entered in the matter of Eden Surgical Center v. Arrow Electronics, Inc. and Arrow Electronics, Inc. Welfare Benefit Plan, Case No. 2:14-cv-1933-SVW-SH before the United States District Court for the Central District of California (the "Matter").  I agree to comply with and be bound by the terms and conditions of that Protective Order unless and until modified by further order of the judge in the Matter or by written agreement of the parties.  I consent to the jurisdiction of the judge in the Matter for purposes of enforcing the Protective Order.

Upon being informed by the Party who provided me with any documents or materials that constituted Confidential Information, as that term is defined in the Protective Order entered in the Matter, that the Matter has concluded, I agree that I will return all such Confidential Information and all copies and summaries thereof within 15 days of such notification to the Party from whom I received the documents, for further disposition consistent with the terms of the Protective Order entered in the Matter.

Dated:_____

Name:_____

Signed:_____